J. S08022/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DOMENIQUE JAMES LEWIS, | : | |
| | : | |
| Appellant | : | No. 1017 WDA 2015 |

Appeal from the PCRA Order June 4, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division No(s).: CP-02-CR-0008184-2010

BEFORE: STABILE, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 17, 2016**

Appellant, Domenique James Lewis, appeals *pro se* from the order entered on June 4, 2015, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.   After careful review, we reverse the order of the PCRA court, affirm Appellant's convictions, vacate the judgment of sentence, and remand for resentencing consistent with ***Alleyne v. United States***, __ U.S. __, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

The facts as stated in our memorandum opinion on direct appeal are as follows:

> At trial, Megan [Wilsher] testified that on February 26, 2010, while Lewis was sitting in her living room, he stood up, pulled out a gun, smiled at her, and fired at her.  [Wilsher] testified Lewis shot her in the face, and after she fell, he shot her again. Wilsher lost her right eye as a result of the shooting.  ***See*** N.T., 6/22/2012, at 77, 80–81.  In corroboration of this testimony, the

Commonwealth presented evidence that Lewis's fingerprints were found on a Coke can recovered from the scene. *See id.* at 196–197.

Furthermore, the Commonwealth, through the testimony of Detective Scott Evans, introduced a recorded statement made by Lewis to police, in which he admitted that on February 26, 2010, he had engaged in a struggle with Brett Quinn over a gun that discharged in the living room; he took the gun and fired at Quinn multiple times, chased him and took his chain and watch; returned to the house where he took $400 to $500 dollars from Wilsher's purse, as well as her cellular phone; and then disposed of the gun. *See* N.T., 6/23/2012, at 30–46. The Commonwealth, through Detective Evans, also introduced documentation to show Lewis did not possess a permit to carry a gun. *Id.* at 46. Finally, outside the presence of the jury, the Commonwealth offered into evidence the certification from the juvenile court for Lewis's robbery conviction. *Id.* at 87.

*Commonwealth v. Lewis*, No. 358 WDA 2012 (filed April 29, 2013).

A jury convicted Appellant of Criminal Attempt - Murder (two counts), Aggravated Assault (two counts), Robbery (two counts), and Carrying a Firearm Without a License.[1] In a bifurcated waiver trial, the trial court found Appellant guilty of Possession of Firearms Prohibited.[2] On September 8, 2011, the trial court sentenced Appellant to an aggregate term of 33½ to 67 years of imprisonment.[3]

---

[1] 18 Pa.C.S. §§ 901(a) and 2502; 18 Pa.C.S. § 2702(a)(1); 18 Pa.C.S. § 3701(a)(1)(i); and 18 Pa.C.S. § 6106(a)(1), respectively.

[2] 18 Pa.C.S. § 6105(a)(1).

[3] Specifically, the trial court sentenced Appellant to a term of twenty to forty years' incarceration for the first Attempted Murder conviction and a consecutive term of five to ten years' incarceration for the second Attempted Murder conviction. The trial court imposed a consecutive term of five to ten years' incarceration for the first Robbery conviction, and a consecutive term

Appellant filed a direct appeal. In an unpublished memorandum, this Court affirmed Appellant's judgment of sentence on April 29, 2013. *Commonwealth v. Lewis*, No. 358 WDA 2012 (filed April 29, 2013). Our Supreme Court denied Appellant's Petition for Allowance of Appeal on September 17, 2013. *Commonwealth v. Lewis*, 74 A.3d 1030 (Pa.Super. 2013). Appellant's judgment of sentence became final on December 17, 2013.

On August 4, 2014, Appellant filed a timely *pro se* PCRA petition and the PCRA court appointed counsel. On February 17, 2015, appointed counsel filed a petition to withdraw and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988).

On February 18, 2015, the PCRA court filed a notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. On June 4, 2015, the PCRA court denied the petition and granted counsel's petition to withdraw. Appellant filed a timely *pro se* notice of appeal on June 25, 2015. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raised four issues on appeal, which we have reordered for ease of disposition:

---

of three and one-half to seven years' incarceration for the Carrying a Firearm Without a License conviction. The trial court imposed a finding of guilt without further penalty for the remaining convictions.

a. <u>Abuse of Discretion</u>: Whether trial court abused its discretion when not granting appellant a mistrial due to the showing of graphic pictures of the victim thereby causing an inflammatory reaction from the jury as well as the suggestive nature of the victim's identification of the appellant.

b. <u>Ineffective Assistance of Counsel</u>: Whether trial counsel for appellant was ineffective for failure to object to or challenge the suggestive nature of victim, Wilsher's identification of the appellant, thereby violating <u>Commonwealth v. Pursell</u>, 724 A.2d 293, 304 (1999), <u>Strickland v. Washington</u>, 104 S.Ct. 2062(1984) and U.S.C.A. Const. Amend. 6.

c. <u>Illegality of Sentence</u>: Whether trial court erred in sentencing appellant to an illegal sentence in violation of U.S.C.A. Cont. Amend. 5, 8, 14 and Pa. Const. Art. 1 §10, thereby giving appellant the right to raise such claim by way of sentencing appellant solely on the severity of crime.

d. <u>Abuse of Discretion Based on Illegality of Sentence</u>: Whether Trial Court erred in respect to the discretionary aspect of appellant's sentence in accordance to 42 Pa. Cons. Stat. § 9721, 9725, 204 Pa. Code § 303.2 et seq., and 42 Pa. Cons. Stat. § 9721(b) as appellant contends that he was prejudiced by there being substantial question that the sentence imposed was not appropriate under the sentencing code, thereby, violating U.S.C.A. 5 and 14 and Pa. Const. Art 1 § 10, and <u>Commonwealth v. Urrutia</u>, 653 A.2d 706, 710 (Pa. Super. 1995).

Appellant's Brief at 3-4 (boldface removed).

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if

they are supported by the record. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa.Super. 2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa.Super. 2012).

A PCRA petitioner is not automatically entitled to an evidentiary hearing. **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014). The PCRA court may decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or in other evidence. **Id**. The reviewing court on appeal must examine each issue raised in the PCRA petition in light of the record before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing. **Id**.; **see also Commonwealth v. Roney,** 79 A.3d 595, 604 (Pa. 2013) (applying abuse of discretion standard to review of PCRA court's denial of petition without a hearing).

To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2). Appellant must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so

before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

In his first issue, Appellant argues that the trial court abused its discretion by denying his request for a mistrial based on allegedly inflammatory graphic pictures of the victim and the suggestive nature of the victim's identification. The PCRA does not recognize such a claim. *See* 42 Pa.C.S. § 9543(a)(2). As the trial court properly found, this is an issue for direct appeal. In fact, Appellant previously raised this issue on direct appeal and this Court concluded that it was meritless. *Commonwealth v. Lewis*, No. 358 WDA 2012 (filed April 29, 2013); *see* 42 Pa.C.S. § 9543(a)(3) (stating allegation of error previously litigated not eligible for PCRA relief). As a result, Appellant's first claim on appeal must fail.

In his second issue on appeal, Appellant argues that his trial counsel rendered ineffective assistance in failing to challenge the suggestive nature of the victims' identification.[4] This claim is also without merit.

The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super. 2010). The burden of demonstrating ineffectiveness rests on Appellant. *Id*. To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: (1) his underlying claim is of arguable merit; (2) the

---

[4] Appellant argues here for the first time that his trial counsel was ineffective for failing to request a *Kloiber* instruction. Since Appellant failed to include this claim in his 1925 Statement of Errors it is waived.

particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different. *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003).

First, Appellant must meet the "arguable merit" prong. "The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit[.]" *Commonwealth v. Pierce*, 645 A.2d 189, 194 (Pa. 1994) (internal citation omitted). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004) (internal citation omitted).

Second, Appellant must meet the "no reasonable basis" prong. We apply the "reasonable basis" test to determine whether counsel's chosen course was designed to effectuate his client's interests. *Pierce*, *supra* at 194-95. "If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective." *Id*. (internal citation omitted)

Third, Appellant must meet the "prejudice" prong. "Prejudice is established when [a defendant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings."

*Commonwealth v. Chambers*, 807 A.2d 872, 883 (Pa. 2002) (quoting *Commonwealth v. Balodis*, 747 A.2d 341, 343-44 (Pa. 2000)). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. "A criminal defendant alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. (quoting *Commonwealth v. Kimball*, 724 A.2d 326, 331 (Pa. 1999)).

With respect to the identifications in this case, both victims initially identified another individual, Josh Stone, as the shooter. Both victims later identified Appellant as the shooter. At trial, both victims testified about their initial misidentifications of Stone.

Contrary to Appellant's argument, trial counsel did challenge the nature of the victims' identifications throughout the trial. Appellant's trial court addressed and challenged the identifications during her opening statements. N.T. Trial, 6/22/11, at 39-40. She also vigorously cross-examined the two victims regarding their identifications, the procedures used, and their mis-identifications of other individuals. N.T. Trial, 6/22/11, at 100-19, 150-59. In closing arguments, Appellant's trial counsel again challenged the identifications, attacked the victims' credibility, and advanced

the ultimately uncredited theory of misidentification. N.T. Trial, 6/23/11, at 145-60. Because trial counsel did challenge the identification evidence, Appellant's claim of ineffectiveness for failing to challenge the evidence lacks arguable merit. *See Pierce*, *supra* at 194.

In his third and fourth issues on appeal, Appellant challenges the discretionary aspects and the legality of his sentence. We need not address his specific arguments because we are required to vacate Appellant's judgment of sentence on grounds not raised by Appellant. *See Commonwealth v. Watley,* 81 A.3d 108, 118 (Pa.Super. 2013) (*en banc*) ("Legality of sentence questions are not waivable and may be raised *sua sponte* by this Court.").

The certified record indicates that in 2011, the court imposed mandatory minimum sentences pursuant to 42 Pa.C.S. § 9712 for each of Appellant's Attempted Murder and Robbery convictions.[5] This Court affirmed the judgment of sentence on direct appeal. While Appellant's petition for allowance of appeal was pending in our Supreme Court, the United States Supreme Court decided *Alleyne v. United States*, __ U.S. __, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), holding that any fact increasing the mandatory minimum sentence for a crime is considered an element of the

---

[5] Although the record does not contain a sentencing transcript, the sentencing court's forms indicate that it relied on Section 9712. We rely on these facts from the certified record in reaching our conclusion that the trial court relied on Section 9712 at Appellant's sentencing.

crime to be submitted to the fact-finder and found beyond a reasonable doubt.

In **Commonwealth v. Newman**, 99 A.3d 86, 98 (Pa.Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015), this Court held that pursuant to **Alleyne**, 42 Pa.C.S. § 9712.1 is no longer constitutional. In **Commonwealth v. Riggle**, 119 A.3d 1058 (Pa.Super. 2015), this Court declined to give **Alleyne** retroactive effect to cases on timely collateral review when the defendant's judgment of sentence had been finalized before **Alleyne** was decided. In **Commonwealth v. Miller,** 102 A.3d 988 (Pa.Super. 2014), this Court observed that **Alleyne** does not invalidate a mandatory minimum sentence when presented in an untimely PCRA petition.

Because Appellant's judgment of sentence was not yet final when **Alleyne** was decided and because he filed a timely PCRA petition, the instant case is distinguishable from **Riggle** and **Miller**. Accordingly, because the trial court sentenced Appellant to a mandatory minimum under Section 9712, which has been deemed unconstitutional, we must vacate his judgment of sentence and remand for resentencing, without consideration of the mandatory minimum sentence.

Appellant's convictions for Attempted Murder, Aggravated Assault, Robbery, Carrying a Firearm Without a License, and Possession of Firearms Prohibited affirmed. Judgment of sentence vacated. Case remanded for resentencing only. Jurisdiction relinquished.

J. S08022/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2016